IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE HIBBLER**
**MAGISTRATE JUDGE COX**

| | |
|---|---|
| **DONNA BRAZIS,** | |
| **Plaintiff,** | |
| vs. | Case No. |
| **WASHINGTON AND JANE SMITH COMMUNITY - BEVERLY, d/b/a SMITH VILLAGE,** | **Jury Trial Requested** |
| | **J. N.** |
| **Defendant.** | |

## COMPLAINT

NOW COMES, Plaintiff, DONNA BRAZIS, by and through her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, WASHINGTON AND JANE SMITH COMMUNITY - BEVERLY, d/b/a SMITH VILLAGE, states as follows:

### PRELIMINARY STATEMENT

1.      This is an action seeking redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, DONNA BRAZIS, is a fifty-one (51) year old citizen of the United States of America and is a resident of the State of Illinois.

5. Defendant, WASHINGTON AND JANE SMITH COMMUNITY - BEVERLY, d/b/a SMITH VILLAGE, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 29 U.S.C. § 630(b).

## PROCEDURE

6. Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 6, 2008. The EEOC issued Plaintiff a Right to Sue on February 21, 2008, which was received on February 25, 2008. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I - AGE DISCRIMINATION - ADEA

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. On or about July 23, 2007, Defendant hired Plaintiff as its Director of Nursing.

9. Among Defendant's administrative employees, Plaintiff was significantly older than Defendant's other administrators.

10. As Director of Nursing, Plaintiff performed to Defendant's reasonable expectations as exemplified by her performance evaluation that exceeded expectations and by Defendant's glowing remarks about Plaintiff's qualifications and performance in a newspaper article.

11. Plaintiff has been further commended by Defendant's residents and their families for her diligence in investigating and resolving issues with their care, including, but not limited to, an occasion when Plaintiff discovered and swiftly resolved the identity theft against one of Defendant's residents, who would have lost nearly seven thousand dollars ($7,000.00) in unauthorized credit card purchases if Plaintiff did not intervene.

12. Shortly into Plaintiff's tenure as its Director of Nursing, Defendant immediately demonstrated its aversion to older employees when it instructed Plaintiff to terminate the employment of Defendant's older employees because "they were way past their prime."

13. Defendant's younger management personnel, such as its Administrator, Kevin McGee ("Administer McGee"), and its Human Resources Director, Karen Jellema ("HR Jellema"), also demonstrated their discriminatory animus towards Plaintiff, because of her age, by consistently undermining her ability to supervise her staff of more than one hundred (100) nurses and by criticizing her corrective counseling of younger nurses who did not follow company and state regulations.

14. Ultimately, Administrator McGee and HR Jellema terminated Plaintiff on the pretextual basis of failing to resolve an allegation of abuse.

15. Defendants' basis for terminating Plaintiff was pretextual because it was false and because Defendant had not terminated its substantially younger employees accused of similar allegations.

16. Contrary to Defendant's basis for terminating her, Plaintiff was never aware of any abuse against any of Defendant's residents; instead, the only intimation of discord from one of Defendant's residents was a statement by a resident that the resident was dissatisfied with the attitude of one of Defendant's registered nurses, Val Brooks ("RN Brooks").

17. After hearing about the resident's concerns regarding RN Brook's personality, Plaintiff immediately devoted her attention to the resident's care. Such care includes, but is not limited to:

    (a) fielding two (2) calls, on January 9 and January 11, 2008, to update the resident's daughter and power of attorney to discuss the resident's care; and

    (b) interviewing the resident, with a Resident Nurse and Defendant's Social Services Director as witnesses, for any problems with her care on January 14, 2008.

18. Both the resident and her daughter expressed their gratitude to Plaintiff for her concern and, in response to direct questioning on the subject, omitted any statements regarding abuse or neglect; rather than reporting abuse, the resident stated to Plaintiff that she had a "personality conflict" with RN Brooks.

19. Plaintiff also immediately confronted RN Brooks the same day that she heard about the resident's concerns and gave RN Brooks corrective counseling about the proper care to be given the resident. Plaintiff further instructed RN Brooks to document all the care that she gives the resident in order to monitor the situation.

20. After interviewing all the witnesses closest to the situation, Plaintiff next reported her investigation into the resident's concerns about RN Brooks's personality to Administrator McGee

and to HR Jallema, who told Plaintiff to discontinue her investigation.

21.     Despite Plaintiff's swift efforts to investigate and resolve the situation, Administrator McGee and HR Jellema disregarded Defendant's customary procedure that allows Plaintiff to have five (5) days to investigate resident complaints and cursorily terminated Plaintiff the morning after the resident first indicated the possibility of abuse by RN Brooks.

22.     After terminating Plaintiff's employment, Defendant further demonstrated its animus towards Plaintiff, because of her age, by threatening to report Plaintiff to the Illinois Department of Public Health, which Defendant knew would irreparably damage Plaintiff's career and reputation.

23.     In addition to Plaintiff, Defendant also terminated RN Brooks, who was, in addition to Plaintiff, another older employee, approximately fifty-five (55) years of age.

24.     Defendant's purported explanation for terminating Plaintiff's employment is a pretext for age discrimination as no other credible reason can exist since reported allegations against significantly younger employees for abuse of residents have not resulted in termination and Plaintiff has further suffered no previous discipline as an employee of Defendant.

25.     To replace Plaintiff in her responsibilities, Defendant hired a younger and lesser qualified individual.

26.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her age, fifty-one (51), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 29 U.S.C. § 621 et seq.

27.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and

foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to the Plaintiff pursuant to appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of age;

C. Order Defendant to make whole DONNA BRAZIS by providing the affirmative relief necessary to eradicate the efforts of the Defendant's unlawful practices;

D. Grant the Plaintiff any consequential, compensatory, and any other damages that Court may deem appropriate;

E. Grant the Plaintiff her attorney's fees, costs and disbursements; and

F. Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

28.　Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

DONNA BRAZIS, Plaintiff,

By: s/Lisa Kane
　　Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

**08 C 1768**

**JUDGE HIBBLER**
**MAGISTRATE JUDGE COX**

## Verification

I, Donna Brazis, declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2008.

_____
Donna Brazis

EEOC Form 161-B (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Donna Brazis<br>8543 Brookside Glen Drive<br>Tinley Park, IL 60487 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**JUDGE HIBBLER**
**MAGISTRATE JUDGE COX**

**CERTIFIED MAIL: #7000 0600 0022 1012 6290**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-02826 | **Ernestine Harris,**<br>**Enforcement Supervisor** | (312) 886-7490 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐    More than 180 days have passed since the filing of this charge.

☐    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_         2/21/08

Enclosures(s)     John P. Rowe,        (Date Mailed)
                District Director

cc:     **WASHINGTON & JANE SMITH HOME**

RECEIVED FEB 25 2008