## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA BRAZIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08 C 1768** |
| | ) | |
| **WASHINGTON AND JANE SMITH** | ) | **Judge Hibbler** |
| **COMMUNITY - BEVERLY, d/b/a** | ) | |
| **SMITH VILLAGE,** | ) | **Magistrate Judge Cox** |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND ADDITIONAL DEFENSES TO COMPLAINT

NOW COMES WASHINGTON AND JANE SMITH COMMUNITY - BEVERLY, d/b/a SMITH VILLAGE, pursuant to Fed. R. Civ. P. 8 and 12, by and through its attorneys, Seyfarth Shaw LLP, and for its Answer and Additional Defenses to the Complaint, states as follows:

## PRELIMINARY STATEMENT

### COMPLAINT ¶ NO. 1:

This is an action seeking redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### ANSWER:

Smith Village admits that Plaintiff purports to bring an action seeking redress under the Age Discrimination in Employment Act of 1967 ("ADEA") but denies it violated that statute, denies that Plaintiff is entitled to any relief, and denies any other allegation contained in paragraph 1 of the complaint.

## JURISDICTIONAL STATEMENT

**COMPLAINT ¶ NO. 2:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Smith Village admits that this Court has jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3) and (4). Smith Village further admits that plaintiff seeks declaratory relief but denies that it engaged in any actionable conduct or that Plaintiff is entitled to any relief. Smith denies each and every remaining allegation contained in paragraph 2 of the complaint.

## VENUE

**COMPLAINT ¶ NO. 3:**

Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**

Smith Village admits the allegations contained in paragraph 3 of the complaint.

## PARTIES

**COMPLAINT ¶ NO. 4:**

Plaintiff, DONNA BRAZIS, is a fifty-one (51) year old citizen of the United States of America and is a resident of the State of Illinois.

**ANSWER:**

Upon information and belief, Smith Village admits the allegations contained in paragraph 4 of the complaint.

**COMPLAINT ¶ NO. 5:**

Defendant, WASHINGTON AND JANE SMITH COMMUNITY - BEVERLY, d/b/a SMITH VILLAGE, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all relevant times hereto, Defendant conducts, and continues to conduct, business

CH1 11448287.2

in the State of Illinois.  Defendant is engaged in an industry that affects commerce and is an employer for purposes of 29 U.S.C. § 630(b).

**ANSWER:**

Smith Village admits the allegations contained in paragraph 5 of the complaint.

## PROCEDURE

**COMPLAINT ¶ NO. 6:**

Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 6, 2008.  The EEOC issued Plaintiff a Right to Sue on February 21, 2008, which was received on February 25, 2008.  The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:**

Upon information and belief, Smith Village admits that a charge of discrimination was filed against it with the Equal Employment Opportunity Commission ("EEOC") on or about February 6, 2008 and that the EEOC issued a Notice of Right to Sue on February 21, 2008 entitling Plaintiff to initiate a lawsuit within 90 days of receipt.  Upon information and belief, Smith Village further admits that Plaintiff filed this action on or about March 26, 2008.  Smith Village lacks knowledge or information sufficient to form a belief as to when Plaintiff received the notice of right to sue.  Defendant denies all remaining allegations contained in paragraph 6 of the complaint.

## COUNT I - AGE DISCRIMINATION - ADEA

**COMPLAINT ¶ NO. 7:**

Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**

Smith Village restates and incorporates by reference each and every answer to paragraphs 1 through 6 of the complaint.

3

**COMPLAINT ¶ NO. 8:**

On or about July 23, 2007, Defendant hired Plaintiff as its Director of Nursing.

**ANSWER:**

Smith Village admits the allegations contained in paragraph 8 of the complaint.

**COMPLAINT ¶ NO. 9:**

Among Defendant's administrative employees, Plaintiff was significantly older than Defendant's other administrators.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 9 of the complaint.

**COMPLAINT ¶ NO. 10:**

As Director of Nursing, Plaintiff performed to Defendant's reasonable expectations as exemplified by her performance evaluation that exceeded expectations and by Defendant's glowing remarks about Plaintiff's qualifications and performance in a newspaper article.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 10 of the complaint.

**COMPLAINT ¶ NO. 11:**

Plaintiff has been further commended by Defendant's residents and their families for her diligence in investigating and resolving issues with their care, including, but not limited to, an occasion when Plaintiff discovered and swiftly resolved the identity theft against one of Defendant's residents, who would have lost nearly seven thousand dollars ($7,000.00) in unauthorized credit card purchases if Plaintiff did not intervene.

**ANSWER:**

Smith Village lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 11 of the complaint.

**COMPLAINT ¶ NO. 12:**

Shortly into Plaintiff's tenure as its Director of Nursing, Defendant immediately demonstrated its aversion to older employees when it instructed Plaintiff to terminate the employment of Defendant's older employees because "they were way past their prime."

CH1 11448287.2

**ANSWER:**

Smith Village denies the allegations contained in paragraph 12 of the complaint.

**COMPLAINT ¶ NO. 13:**

Defendant's younger management personnel, such as its Administrator, Kevin McGee ("Administer McGee"), and its Human Resources Director, Karen Jellema ("HR Jellema"), also demonstrated their discriminatory animus towards Plaintiff, because of her age, by consistently undermining her ability to supervise her staff of more than one hundred (100) nurses and by criticizing her corrective counseling of younger nurses who did not follow company and state regulations.

**ANSWER:**

Smith Village admits that it counseled Plaintiff regarding the manner in which she criticized staff members. Smith Village denies each and every remaining allegation contained in paragraph 13 of the complaint.

**COMPLAINT ¶ NO. 14:**

Ultimately, Administrator McGee and HR Jellema terminated Plaintiff on the pretextual basis of failing to resolve an allegation of abuse.

**ANSWER:**

Smith Village admits that Executive Director Kevin McGee terminated Plaintiff. Smith Village denies each and every remaining allegation contained in paragraph 14 of the complaint.

**COMPLAINT ¶ NO. 15:**

Defendants' basis for terminating Plaintiff was pretextual because it was false and because Defendant had not terminated its substantially younger employees accused of similar allegations.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 15 of the complaint.

**COMPLAINT ¶ NO. 16:**

Contrary to Defendant's basis for terminating her, Plaintiff was never aware of any abuse against any of Defendant's residents; instead, the only intimation of discord from one of Defendant's residents was a statement by a resident that the resident was dissatisfied with the attitude of one of Defendant's registered nurses, Val Brooks ("RN Brooks").

CH1 11448287.2

**ANSWER:**

Smith Village denies the allegations contained in paragraph 16 of the complaint.

**COMPLAINT ¶ NO. 17:**

After hearing about the resident's concerns regarding RN Brook's [sic] personality, Plaintiff immediately devoted her attention to the resident's care. Such care includes, but is not limited to:

(a)    fielding two (2) calls, on January 9 and January 11, 2008, to update the resident's daughter and power of attorney to discuss the resident's care; and

(b)    interviewing the resident, with a Resident Nurse and Defendant's Social Services Director as witnesses, for any problems with her care on January 14, 2008.

**ANSWER:**

Upon information and belief, Smith Village admits that Plaintiff had two conversations with the resident's daughter on or about January 9 and 11, 2008. Smith Village further admits that Plaintiff interviewed the resident on or about January 14, 2008 in the presence of a nurse and the Social Services Director. Smith Village denies each and every remaining allegation contained in paragraph 17 of the complaint.

**COMPLAINT ¶ NO. 18:**

Both the resident and her daughter expressed their gratitude to Plaintiff for her concern and, in response to direct questioning on the subject, omitted any statements regarding abuse or neglect; rather than reporting abuse, the resident stated to Plaintiff that she had a "personality conflict" with RN Brooks.

**ANSWER:**

Smith Village lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

**COMPLAINT ¶ NO. 19:**

Plaintiff also immediately confronted RN Brooks the same day that she heard about the resident's concerns and gave RN Brooks corrective counseling about the proper care to be given the resident. Plaintiff further instructed RN Brooks to document all the care that she gives the resident in order to monitor the situation.

**ANSWER:**

Smith Village lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 19 of the complaint.

**COMPLAINT ¶ NO. 20:**

After interviewing all the witnesses closest to the situation, Plaintiff next reported her
investigation into the resident's concerns about RN Brooks's personality to Administrator
McGee and to HR Jellema, who told Plaintiff to discontinue her investigation.

**ANSWER:**

Smith Village admits that Plaintiff was told to cease investigating the resident's

complaints.  Smith Village denies each and every remaining allegation contained in paragraph 20

of the complaint.

**COMPLAINT ¶ NO. 21:**

Despite Plaintiff's swift efforts to investigate and resolve the situation, Administrator
McGee and HR Jellema disregarded Defendant's customary procedure that allows Plaintiff to
have five (5) days to investigate resident complaints and cursorily terminated Plaintiff the
morning after the resident first indicated the possibility of abuse by RN Brooks.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 21 of the complaint.

**COMPLAINT ¶ NO. 22:**

After terminating Plaintiff's employment, Defendant further demonstrated its animus
towards Plaintiff, because of her age, by threatening to report Plaintiff to the Illinois Department
of Public Health, which Defendant knew would irreparably damage Plaintiff's career and
reputation.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 22 of the complaint.

**COMPLAINT ¶ NO. 23:**

In addition to Plaintiff, Defendant also terminated RN Brooks, who was, in addition to
Plaintiff, another older employee, approximately fifty-five (55) years of age.

CH1 11448287.2

**ANSWER:**

Smith Village admits that it terminated RN Brooks on or about January 14, 2008.  Upon information and belief Smith Village admits that RN Brooks was fifty-six (56) years of age. Smith Village denies each and every remaining allegation contained in paragraph 23 of the complaint.

**COMPLAINT ¶ NO. 24:**

Defendant's purported explanation for terminating Plaintiff's employment is a pretext for age discrimination as no other credible reason can exist since reported allegations against significantly younger employees for abuse of residents have not resulted in termination and Plaintiff has further suffered no previous discipline as an employee of Defendant.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 24 of the complaint.

**COMPLAINT ¶ NO. 25:**

To replace Plaintiff in her responsibilities, Defendant hired a younger and lesser qualified individual.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 25 of the complaint.

**COMPLAINT ¶ NO. 26:**

The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her age, fifty-one (51), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 29 U.S.C. § 621 et seq.

**ANSWER:**

Smith Village denies the allegations contained in paragraph 26 of the complaint.

**COMPLAINT ¶ NO. 27:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

CH1 11448287.2

**ANSWER:**

Smith Village denies the allegations contained in paragraph 27 of the complaint.

## JURY TRIAL DEMAND

**COMPLAINT ¶ NO. 28:**

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:**

Smith Village admits that Plaintiff seeks a jury trial but denies that a jury trial is appropriate as to the issues raised in this Complaint. Smith Village further denies that it violated any laws or is in any other way liable to Plaintiff and denies each and every remaining allegation contained in paragraph 28 of the complaint.

## ADDITIONAL DEFENSES

1.      Plaintiff's claims for damages are barred to the extent she has failed to mitigate her damages or should be offset to the extent of any interim earnings.

2.      Plaintiff's claims are barred to the extent they exceed the scope of her EEOC charge.

3.      Plaintiff's claims are barred to the extent that she seeks to base any claim on events occurring outside the applicable statute of limitation period.

4.      To the extent plaintiff is requesting relief in the form of punitive damages, those claims are barred by Defendant's good-faith efforts to comply with all applicable anti-discrimination laws.

5.      Defendant denies that plaintiff is entitled to compensatory or punitive damages because such damages are not available under the ADEA.

9

**DATED:  April 17, 2008**

Respectfully submitted,

WASHINGTON AND JANE SMITH
COMMUNITY - BEVERLY, d/b/a SMITH
VILLAGE


By_____s/ Annette Tyman_____
                    One of Its Attorneys

Ian H. Morrison
Annette Tyman
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11448287.2

## CERTIFICATE OF SERVICE

I, Annette Tyman, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Lisa Kane (lisakane@sbcglobal.net)
> Darren A. Bodner (lisakane@sbcglobal.net)
> Janice A. Wegner(lisakane@sbcglobal.net)
> Tyler J Manic (tmanicesq@yahoo.com)

and by having same placed in a properly addressed, postage prepaid envelope and deposited in the U.S. Mail at 131 S. Dearborn Street, Chicago, Illinois to be served upon:

> Michael S. Young
> LISA KANE & ASSOCIATES, P.C.
> 120 South LaSalle Street, Suite 1420
> Chicago, Illinois 60603

on this 17th day of April, 2008.

                        s/ Annette Tyman
                        Annette Tyman